SCHWARTZ, Chief Judge.
After a jury trial, Vittorino was found and adjudicated guilty of fourteen counts of violating section 212.15(2), Florida Statutes (1985) by failing, during eight consecutive months, to remit to the State of Florida gasoline and diesel fuel taxes he had collected during the preceding month. We reject each of the appellant’s claims of error during the course of the trial, including the contention that the evidence was insufficient to support the guilty verdict. However, we find that six of the counts of which Vittorino was adjudicated guilty were in essence duplicitous[1] and therefore require the defendant to be appropriately adjudicated and sentenced on the eight remaining counts alone.
Of the eight months involved in the charges below, Vittorino was found guilty of failing to remit to the state sums representing both “motor fuel” (gasoline) and “special fuel” (diesel) taxes, see § 212.62, Fla.Stat. (1985), in six of them.[2] In our view, the pertinent statutes clearly do not permit this result. While it is true that the amount of taxes is separately and differently assessed upon gasoline and diesel fuel respectively pursuant to section 212.-62, Florida Statutes (1985),[3] the operative *99 criminal statute of which Vittorino was found guilty quite obviously requires the filing of a single monthly return and the transmittal of all the taxes, of whatever type, which the defendant has collected in the preceding period. Section 212.15(2) provides:
212.15 Taxes declared state funds; penalties for failure to remit taxes; due and delinquent dates; judicial review.—
(2) Any person who, with intent to unlawfully deprive or defraud the state of its moneys or the use or benefit thereof, fails to remit taxes collected pursuant to this chapter is guilty of theft of state funds_ [e.s.]
Although it is plainly applicable, it is not necessary to invoke the so-called rule of lenity, see Carawan v. State, 515 So.2d 161 (Fla.1987); Ch. 88-131, § 7, Laws of Fla., to conclude as we do, that no separate violation of this statute was committed in the failure to forward each of the two constituent types of taxes collected. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (requiring analysis of elements of statutory offense to determine whether violation has occurred). A mere common sense, straightforward construction of the plain terms of the provision requires this result. 49 Fla.Jur.2d Statutes § 123 (1984). It was accordingly error to adjudicate Vittorino as to six of the offenses.
For this reason, we order that the adjudications on counts 26, 28, 29, 30, 32 and 33 be set aside. The cause is remanded for this purpose, to recompute the applicable guidelines sentence and for resentenc-ing accordingly.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. The jury also found Vittorino guilty of eight counts of grand theft, by converting to his own use the eight months worth of taxes he should have remitted to the state. In a post-trial order of which the state does not complain, however, the trial court set aside the grand theft convictions, Carawan v. State, 515 So.2d 161 (Fla.1987), as indistinguishable from the § 212.15(2) violations now before us.

. In the other two months, he was convicted only of failing to transmit gasoline taxes.

. § 212.62, Fla.Stat. (1985) provides in pertinent part:
212.62 Tax imposed on sale of motor fuel and special fuel; tax upon ultimate consumer; determination by department; notification.—
(1) A tax shall be imposed for the privilege of the sale at retail in this state of motor fuel and special fuel.
******
(3)(a) Before July 1 of each year, the department shall determine the appropriate sales tax applicable to the retail price per gallon of motor fuel and of special fuel as follows:
1. The department shall determine the appropriate total motor fuel and special fuel retail price, including federal, state, and local *99 excise taxes on such fuel, for the forthcoming 12-month period beginning July 1, by adjusting the initially established price by the percentage change in the average monthly gasoline price component of the Consumer Price index issued by the United States Department of Labor for the most recent 12-month period ending March 31, compared to the average for the 12-month period ending March 31, 1984. However, the adjustment provided herein shall first be made for the forthcoming 12-month period beginning July 1, 1985.